IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ROSEBROOK, | ) | CASE NO. 1:19CV903 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN JAMES HAVILAND, | ) | |
| | ) | **INTERIM** |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

On April 16, 2019, Petitioner filed a Petition for Writ of Habeas Corpus setting forth three grounds for relief. Doc. 1. On August 29, 2019, Respondent filed a Return of Writ. Doc. 8. Petitioner's Traverse was due October 13. On September 18, Petitioner filed a motion for more time, until October 30, 2019, to file his Traverse (Doc. 9), which the undersigned granted. *Order*, 9/25/2019.

On October 29, 2019, Petitioner filed a motion to withdraw his Petition. Doc. 10. He explains that he is ill from a respiratory infection and, due to prison security and library scheduling concerns, he is unable to properly prepare his Traverse. Doc. 10-1, p. 1. Respondent opposes Petitioner's motion to withdraw. Doc. 12. For the reasons explained below, the undersigned recommends that the Court deny Petitioner's request to withdraw his Petition.

I.

Because Respondent has filed a Return of Writ and opposes Petitioner's motion to voluntarily dismiss his Petition, the Petitioner may only voluntarily dismiss his Petition by obtaining a Court Order pursuant to Fed.R.Civ.P. 41(a)(2). *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *see also Peterson v. Smith*, 2010 WL 1433391, *2 (N.D.Ohio Feb. 17, 2010), *report and recommendation adopted*, 2010 WL 1433387 (N.D. Ohio Apr. 7, 2010);

1

*Rosenthal v. Bridgestone/Firestone, Inc.*, 2007 WL 507624, at *2 (6th Cir. Feb. 16, 2007). Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the court. *Grover*, 33 F.3d at 718.

The primary purpose of the rule requiring court approval is to protect the defendant from unfair treatment, i.e., where the defendant would suffer "plain legal prejudice" as a result of dismissal, as opposed to the mere prospect of a second lawsuit. *Id*. In making this determination, the court considers factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*.

II.

Here, all the factors weigh in favor of denying Petitioner's motion to withdraw his Petition. As to the first and fourth factors, Respondent has filed the Return of Writ and has put forth substantial time, effort and expense thus far. The Return of Writ is 32 pages long and details the reasons this Court should rule in its favor. Attached to the Return are over 1,100 pages of the state court record, including seven volumes of transcripts, in support. Doc. 8, Docs. 8-1 through 8-8. Respondent has mailed all these documents to Petitioner at the state's expense. As to the second and third factors, Petitioner has not shown that he has been diligent and his explanation for the need to take a dismissal is insufficient. He has filed only one motion for an extension of time to file his Traverse and only requested seventeen days, which the undersigned granted. His explanation that he is suffering the effects of a virus and lacks adequate time in the prison library describes reasons supporting a request for an extension of time, not a dismissal of his Petition.

In sum, the factors weigh against granting Petitioner's Motion to Withdraw Petition and the undersigned recommends that his motion (Doc. 10) be DENIED.

Dated: December 2, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).